Justin Allen
3655 W Anthem Way, Ste A-109 #255
Anthem, AZ 85086
sir.marksalot@outlook.com

August 23, 2025

Clerk of the Court
United States District Court for the Western District of Tennessee
167 N. Main Street
Memphis, TN 38103

RECEIVED

SEP 04 2025

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

**Re: Objection to Proposed Settlement in *In Re: Evolve Bank & Trust Customer Data Security Breach Litigation*, MDL No. 2:24-md-03127-SHL-cgc**

To the Honorable Court,

I am writing to formally object to the proposed class action settlement in the above-referenced matter. My name is Justin Allen, and I am a member of the proposed settlement class. My objection is based on the fundamental principle that this settlement, like others before it, deprives individual victims of their constitutional "OPPORTUNITY TO BE HEARD." This principle is not merely an ideal; it is a right guaranteed by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and is protected through the procedural safeguards of Federal Rule of Civil Procedure 23.

I believe my voice and the voices of other individual victims are being silenced by unscrupulous class action suits. This concern is not theoretical; it is based on direct personal experience. In a previous case, the Kroger data breach settlement, my personal information was compromised, and I was subsequently included in a settlement that offered negligible relief and no meaningful platform to express the extent of the damages I suffered. That process left me feeling as though my identity was simply used to legitimize a settlement that primarily benefited the attorneys involved, rather than the victims.

My experience of being silenced is not an isolated incident. In the major FTX settlement, where attorney Justin R. Alberto was counsel for the litigation administrator, I, Justin R. Allen, was a defrauded victim. Despite my direct involvement and losses, I never received proper notice of my rights nor was I afforded an opportunity to be heard in those proceedings. This history demonstrates a disturbing pattern where complex litigation processes, managed by some of the same figures in the legal community, systematically fail to protect the rights of individual victims they claim to represent. My fears about the Evolve Bank settlement are therefore grounded in the direct, repeated experience of having my rights ignored.

The Supreme Court has long held that due process is a prerequisite for binding class members to a settlement. In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), the Court established that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." This constitutional mandate is codified in **Federal Rule of Civil Procedure 23(c)(2)(B)**, which requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." My objection is grounded in the belief that the actions of the claims administrator, Kroll Settlement Administration, fail to meet this constitutional and procedural standard. I have serious concerns that Kroll is proceeding without providing adequate, clear notice to all class members and may even be mismanaging the claims process. When a claims administrator fails in this duty, it is not a mere administrative error; it is a direct violation of the due process standards set forth in *Mullane*. Furthermore, this failure to provide proper notice renders the settlement fundamentally unfair under Federal Rule of Civil Procedure 23(e), which requires the Court to find that a settlement is "fair, reasonable, and adequate" before granting approval. A process that silences victims through deficient notice cannot be considered fair or adequate.

I was forced to discover this settlement on my own, having received no direct notice. I also have reason to believe I am experiencing persistent computer and network interference specifically designed to prevent my communications with this Court. This interference, I believe, is connected to a much larger fraudulent

scheme involving a fraudulent power of attorney created to gain illicit access to assets related to Elvis Presley and Graceland. My mother, Lisa Ann Allen, is also a victim in this matter. Further complicating the fairness of this settlement is my concern that the class may include individuals who are not legitimate victims, but rather "white hat" hackers and other parties who were only compromised because of their own illicit activities connected to their Evolve accounts. A blanket settlement fails to distinguish between true victims and those who are victims of their own crimes.

Furthermore, in my attempt to be heard, I contacted the Jennings Law Office, one of the firms listed as representing class victims. When I asked to speak with an attorney about my case, I was told that, in order to "keep costs low," they could not talk to their clients. This refusal to communicate is not only unethical and a potential violation of the Tennessee Bar's rules, but it is also a direct breach of class counsel's duties under the Federal Rules of Civil Procedure. **Federal Rule of Civil Procedure 23(g)(4)** explicitly states that "Class counsel must fairly and adequately represent the interests of the class." Furthermore, **Rule 23(g)(1)(B)** requires the Court to consider counsel's ability to fulfill this duty when making its appointment. Refusing to speak with a class member they claim to represent demonstrates a fundamental failure to meet this standard. An attorney who refuses to communicate with a client, especially under the guise of saving money, cannot possibly be providing the fair and adequate representation required by law. I respectfully request the Court to scrutinize counsel's conduct under the standards set forth in Rule 23.

Furthermore, A Tennessee lawyer who refuses to communicate with a client to keep costs down is violating their ethical duty under **Rule 1.4 of the Tennessee Rules of Professional Conduct**. This rule mandates that a lawyer must maintain reasonable communication with a client to allow them to make informed decisions.

---

### How It Violates the Standards

Refusing to communicate to save money is a clear violation of several aspects of Rule 1.4:

- **Promptly Informing the Client:** The rule requires a lawyer to **promptly inform** a client of any significant development in their case. Withholding information to avoid the cost of a phone call or email directly violates this duty.
- **Keeping the Client Reasonably Informed:** A lawyer must **keep the client reasonably informed** about the status of their legal matter. Lack of communication, regardless of the reason, prevents the client from knowing what's happening and defeats the purpose of the attorney-client relationship.
- **Responding to Reasonable Requests:** The lawyer must **promptly comply** with a client's reasonable requests for information. Refusing to communicate is a refusal to comply with these requests.
- **Enabling Informed Decisions:** The most fundamental violation is the lawyer's failure to **explain a matter to the extent reasonably necessary** for the client to make informed decisions. The client can't make choices about their case if they are not given the information needed to do so. The cost of a call or meeting is not a valid excuse to deny the client the ability to direct their own legal representation.

Therefore, I respectfully object to the terms of the proposed settlement and ask the Court to protect my fundamental due process rights. I formally request that the Court investigate the conduct of class counsel for these potential ethical violations and for failing to genuinely represent the clients they claim to act for. True due process requires more than just a notice in the mail; it requires diligent and ethical representation and a genuine opportunity for individual participation and recourse. I urge the Court to reject this agreement and ensure that the right to be heard is not sacrificed for the sake of expediency.

Respectfully submitted,

_____

Justin Allen