**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

**IN RE: EVOLVE BANK & TRUST AND**
**EVOLVE BANCORP, INC.**
**DATA SECURITY INCIDENT LITIGATION**

**Case No. 2:24-md-03102-SHL-cgc**

**This document relates to: ALL ACTIONS**

RECEIVED

SEP 04 2025

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

**MOTION FOR IMMEDIATE DECLARATORY RELIEF AND FOR INJUNCTIVE RELIEF TO STAY FINAL APPROVAL OF SETTLEMENT**

Movant, Justin R. Allen, a victim of the Evolve Bank & Trust data breach and a member of the proposed settlement class, appearing *pro se*, respectfully moves this Honorable Court for Immediate Declaratory Relief and for an Injunction to stay the final approval of the proposed class action settlement. This motion is based on the unconstitutional and procedurally deficient notice provided to class members, which violates the Due Process Clause of the Fourteenth Amendment and Federal Rule of Civil Procedure 23. This motion is supported by the following summary of case law, points of authority, and the specific facts pertaining to Mr. Allen's circumstances.

### **FACTUAL BACKGROUND**

1. Movant Justin R. Allen is a victim of the data security incident that is the subject of this litigation. His personal and financial information was compromised, making him a member of the putative class.

2. Despite being a known victim whose identity should have been reasonably ascertainable from the Defendants' records, Mr. Allen received no direct notice of this class action lawsuit or the proposed settlement. He was not notified via mail, email, or any other method.

3. Mr. Allen discovered the existence of this lawsuit and the proposed settlement entirely on his own through independent means. This lack of notice has deprived him of a timely and meaningful opportunity to evaluate the settlement, object, or opt out.

4. Furthermore, Mr. Allen has experienced significant and ongoing computer and network interference, which he believes is related to a fraudulent power of attorney created to unlawfully access assets. This interference has actively hindered his ability to research this matter and make contact with the Court and counsel.

5. Upon learning of the settlement, Mr. Allen contacted the Jennings Law Office, who are listed as representing the class victims. He sought to speak with an attorney to understand the settlement and his rights. Shockingly, he was informed by the firm that **they could not speak with him or other clients in order to "keep costs low."**

6. This refusal by Class Counsel to communicate with their own client raises grave concerns about the adequacy of representation and constitutes a potential violation of the Tennessee Rules of Professional Conduct. It is frankly unethical for any attorney to refuse to communicate with a client—especially one they purport to represent in a class action—under the guise of cost savings. This conduct suggests that Class Counsel is not acting in the best interests of the class they were appointed to protect.

### **SUMMARY OF CASE LAW AND POINTS OF AUTHORITY**

The failure to provide Mr. Allen and potentially countless other victims with notice of this settlement is not a mere procedural oversight; it is a fundamental violation of their constitutional rights and a failure to comply with the Federal Rules of Civil Procedure.

**I. Insufficient Notice Violates Due Process and Rule 23**

The Due Process Clause of the Fourteenth Amendment requires that individuals be given notice and an opportunity to be heard before they are deprived of property. In the context of a class action settlement, which seeks to bind absent class members, this requirement is paramount. The Supreme Court established the constitutional standard in ***Mullane v. Central Hanover Bank & Trust Co.***, 339 U.S. 306 (1950), holding that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 314.

Federal Rule of Civil Procedure 23 codifies this constitutional requirement. Rule 23(c)(2)(B) mandates "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Where, as here, the identities of victims of a data breach are presumably contained in the defendant's own records, individual notice by mail or email is not only practicable but required. A general notice by publication is insufficient when individual class members can be readily identified.

The court in ***Trist v. First Federal Savings & Loan Ass'n of Chester***, 89 F.R.D. 1 (1980), directly addressed the court's heightened duty when class members fail to receive notice. The *Trist* court underscored that a settlement cannot bind individuals who were not properly notified, reinforcing that the "failure of notice is a failure of due process." Likewise, in ***PHT Holding I LLC v. PHL Variable Life Insurance Company***, No. 1:19-cv-09941 (S.D.N.Y. Dec. 20, 2023), the court reaffirmed that notice procedures must comply with the strictures of both Rule 23 and constitutional due process. The complete failure to notify Mr. Allen demonstrates that the notice program implemented in this case was constitutionally and procedurally defective.

**II. The Court Has a Fiduciary Duty to Scrutinize the Settlement's Fairness**

Under Rule 23(e), this Court must find that a proposed settlement is "fair, reasonable, and adequate" before granting final approval. This duty is especially critical where, as here, a settlement is reached before a class is formally certified. As held in ***Prescott v. Bayer HealthCare Pharmaceuticals Inc.***, No. 19-cv-04020-VC (N.D. Cal. Apr. 29, 2021), courts have a heightened duty to act as a fiduciary for absent class members and rigorously scrutinize pre-certification settlements for any signs of collusion or unfairness.

A key component of fairness is ensuring the class was properly constituted and notified. A settlement cannot be "fair" or "adequate" if a significant number of its members were never informed of its existence. The fact that Mr. Allen, a known victim, was omitted from the notice process calls into question the reliability of the entire methodology used by the parties and the settlement administrator.

**III. Class Counsel Has Failed to Adequately Represent the Class**

Federal Rule of Civil Procedure 23(g) requires that appointed class counsel must "fairly and adequately represent the interests of the class." This duty is not merely procedural; it is a substantive obligation that includes zealous advocacy and adherence to fundamental ethical duties. Refusing to communicate with a client is a direct abdication of this duty.

Specifically, Class Counsel's stated policy of refusing to communicate with clients to "keep costs low" is a flagrant violation of their ethical duty under **Rule 1.4 of the Tennessee Rules of Professional Conduct**. This rule mandates that a lawyer maintain reasonable communication with a client to allow them to make informed decisions. Counsel's conduct violates this standard in several key ways:

*   **Failure to Keep the Client Reasonably Informed:** Rule 1.4 requires a lawyer to keep a client reasonably informed about the status of their legal matter. A blanket refusal to

communicate, regardless of the reason, prevents the client from knowing what is happening and defeats the purpose of the attorney-client relationship.
*   **Failure to Respond to Reasonable Requests:** A lawyer must promptly comply with a client's reasonable requests for information. Mr. Allen's request to understand the settlement that will extinguish his rights was eminently reasonable. Refusing to speak with him is a direct refusal to comply with this duty.
*   **Failure to Enable Informed Decisions:** Most fundamentally, the rule requires a lawyer to explain a matter to the extent reasonably necessary for the client to make informed decisions. The client cannot make choices about the settlement—whether to object, opt-out, or accept—if they are denied the very information needed to do so. The cost of a phone call is not a valid excuse to deny a client the ability to direct their own legal representation.

It is impossible for Class Counsel to "fairly and adequately represent the interests of the class" as required by FRCP 23(g) while simultaneously breaching their core professional duty to communicate. This failure of representation provides further, independent grounds for the Court to reject the proposed settlement and investigate the conduct of counsel.

### **PRAYER FOR RELIEF**

WHEREFORE, Movant Justin R. Allen respectfully requests that this Court enter an Order:

1.  **GRANTING** Immediate Declaratory Relief finding that the settlement notice process was constitutionally and procedurally deficient in violation of the Fourteenth Amendment and Federal Rule of Civil Procedure 23;
2.  **ISSUING** an Injunction to stay the final approval hearing and halt all proceedings related to the finalization of the settlement;
3.  **ORDERING** Class Counsel and the Settlement Administrator to provide the Court with a detailed accounting of the methodology used to identify and notify all class members;
4.  **ORDERING** an independent review of the class list and notice records to verify that all affected victims were properly identified and notified in a manner consistent with due process;
5.  **ORDERING** an investigation into the conduct of Class Counsel regarding their representation of, and refusal to communicate with, class members; and
6.  **GRANTING** such other and further relief as the Court deems just and proper.

Dated: August 23, 2025

Respectfully submitted,

/s/ Justin R. Allen
**Justin R. Allen, Pro Se**
3655 W Anthem Way, Ste A-109 #255
Anthem, AZ 85086
sir.marksalot@outlook.com

### **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Justin R. Allen
**Justin R. Allen**